UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERONICA REYES,

    Plaintiff,

v.                                  CASE NO.:

MEDICAL MANAGEMENT
INTERNATIONAL, INC.
d/b/a BANFIELD PET HOSPITAL,
a Foreign Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VERONICA REYES ("Ms. Reyes" or "Plaintiff") files this Complaint against Defendant, MEDICAL MANAGEMENT INTERNATIONAL, INC. d/b/a BANFIELD PET HOSPITAL ("BPH" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, her attorneys' fees and costs, and any and all relief available under the FMLA.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Pasco County, Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Pasco County, Florida.

6. Defendant is a foreign corporation that provides veterinary services in, among others, Pasco County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

9. Ms. Reyes worked for BPH as a Practice Manager from November 18, 2010, until her termination on August 14, 2019.

10. Unfortunately, in April of 2019, Ms. Reyes began suffering with symptoms from her depressive bipolar disorder and anxiety disorder, including extreme fatigue, chronic inflammation and pain.

11. Ms. Reyes therefore disclosed her serious health condition to her supervisor, Dena Laurain.

12. In response, Ms. Laurain failed to provide Ms. Reyes with FMLA paperwork, or to advise her of her rights and obligations under the FMLA.

13. This failure, itself, constitutes interference under the FMLA.

14. Ms. Reyes took the initiative herself to coordinate with BPH's Benefits Department to avail herself to the protections under the FMLA.

15. Ms. Reyes properly applied and got medical certification for a period of continuous unpaid leave pursuant to the FMLA in order to treat and address her serious health condition.

16. Ms. Reyes availed herself of unpaid FMLA leave from April 16, 2019, through mid-July of 2019, in order to treat and address her ongoing serious health condition.

17. Upon her return to work after her FMLA leave, Ms. Reyes noticed that Ms. Laurain was treating her very differently, and in a very detached, distant manner.

18. In early August of 2019, one Ms. Reyes's subordinates, Samantha Griffin, warned Ms. Reyes, "Dena has plans to terminate you."

19. On August 14, 2019, BPH informed Ms. Reyes that it had decided to terminate her employment, effective immediately.

20. BPH concocted a false story of Ms. Reyes making an improper time punch in order to attempt to support its extreme adverse employment action against Ms. Reyes.

21. In reality, BPH terminated Ms. Reyes's employment in retaliation for her suffering a serious health condition, and in retaliation for her availing herself of a period of unpaid FMLA leave in order to treat and address same.

22. Plaintiff's termination within weeks of her return from FMLA leave makes the causal connection between Plaintiff's FMLA use and her termination sufficiently clear.

23. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

24. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

25. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of approved FMLA protected leave and for her FMLA request.

26. Any other stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

27. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

28. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

32. At all times relevant hereto, Defendant interfered with Plaintiff by failing to advise Plaintiff of her rights and obligations under the FMLA, including failing to provide the necessary FMLA certification forms upon her disclosure of her serious medical condition.

33. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff's right to unpaid protected leave pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

38. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA protected leave.

39. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

40. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 13th day of September 2020.

Respectfully Submitted,

By:*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*